# United States Court of Federal Claims

Nos. 15-135 C
15-136 C
(**Filed Under Seal** April 10, 2015)
**Reissued** April 14, 2015[1]

| | |
|---|---|
| CADDELL CONSTRUCTION CO., LLC, Plaintiff, | Pre-Award Protest; Jurisdiction; Competition in Contracting Act; Override of Stay in Effect During Pending GAO Protest. |
| v. | |
| THE UNITED STATES, Defendant. | |

*Dirk Haire*, Fox Rothschild LLP, Washington, DC, for plaintiff. *Alexa Santora* and *Sonia Tabriz,* of counsel.

*Albert S. Iarossi*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom appeared *Benjamin C. Mizer*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director and *Allison Kidd-Miller*, Assistant Director.

## ORDER

**Merow**, *Senior Judge*

Plaintiff filed two bid protests on February 10, 2015. The cases have been consolidated for consideration of preliminary matters, including the government's challenge to this court's jurisdiction. *See* Doc. 11.[2] On April 1, 2015, the parties argued their positions on the plaintiff's motions for judgment on the administrative record, *see* Doc. 16, and the government's motions to dismiss for lack of jurisdiction, *see* Doc. 19.

---

[1] Reissued without redactions pursuant to defendant's notice, doc. 25, filed April 14, 2015.

[2] The relevant filings in this case are virtually identical. For ease of reference, the court will cite to the documents filed in Case No. 1:15-cv-135.

## I. BACKGROUND

Plaintiff is one of several bidders for a contract to construct embassy facilities in Maputo, Mozambique. *See* Doc. 1, ¶ 10. Prior to filing the protest action in this court, plaintiff filed two protests before the GAO, challenging the pre-qualification of two of its competitors for the contract award. *See* Doc. 16-1 at 5. The GAO's decisions are expected on or about April 20, 2015, *see* Doc. 16-1 at 7, and the merits of the GAO protests are not before this court. The plaintiff filed these actions alleging that the government violated its duty to stay the contracting process pursuant to the Competition in Contracting Act ("CICA") while the GAO protests are pending, and that its failure to stay the contracting process amounted to an unlawful override. *See* 31 U.S.C. 3553(c)(1)-(2) (prohibiting agencies from awarding contracts during the pendency of a GAO protest unless certain requirements are met).

The complaint states:

> 29. The Agency Report admits that the Protest "triggers the stay on contract award provided by 31 U.S.C. 3553(c)(1)" but further provides that the solicitation "will continue as scheduled without regard to the protest."
>
> 30. Although unclear, it appears that this constitutes OBO's [Overseas Buildings Operations'] decision to override the mandatory CICA stay.

*See* Doc. 1.

The government admits that it has continued to evaluate proposals despite the GAO protests, but denies that it has taken any action that violates CICA or that its conduct constitutes an override. *See* Doc. 19 at 11.

## II. ANALYSIS

As a threshold issue, this court must determine whether it has jurisdiction to adjudicate plaintiff's claims. Plaintiff bears the burden to establish subject matter jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Here, the government challenges the factual basis for the court's jurisdiction, as opposed to the facial sufficiency of the plaintiff's jurisdictional allegations. *See* Doc. 19 at 13, 16. As such, the court

will take as true only the uncontroverted factual allegations, and it is not restricted to the face of the complaint in making its determination. *See Reynolds*, 846 at 747; *see also Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993). If the court does not have jurisdiction, it must dismiss the complaint. *See* RCFC 12(h)(3).

Pursuant to 28 U.S.C. § 1491(b)(1), the Court of Federal Claims has jurisdiction:

> to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

The Federal Circuit has held, as both parties acknowledge, that this grant of jurisdiction covers claims that the government violated the CICA override provision, 31 U.S.C. § 3553(c)(2). *See RAMCOR Servs. Group, Inc. v. United States*, 185 F.3d 1286, 1289-90 (Fed. Cir. 1999). *See also* Doc. 1, ¶ 4; Doc. 19 at 9-10. The court, therefore, must decide whether the plaintiff has sufficiently alleged a CICA violation such that it has jurisdiction in this case.

The sections of CICA relevant to this analysis are as follows:

> (c)(1) Except as provided in paragraph (2) of this subsection, a contract may not be awarded in any procurement after the Federal agency has received notice of a protest with respect to such procurement from the Comptroller General and while the protest is pending.
>
> (2) The head of the procuring activity responsible for award of a contract may authorize the award of the contract (notwithstanding a protest of which the Federal agency has notice under this section)--
>
>> (A) upon a written finding that urgent and compelling circumstances which significantly affect interests of the United States will not permit waiting for the decision of the Comptroller General under this subchapter; and
>>
>> (B) after the Comptroller General is advised of that finding.

31 U.S.C.A. § 3553(c)(1) and (2).[3]

Plaintiff alleges that the court has jurisdiction based on its claim that the government violated 31 U.S.C. § 3553(c)(2). *See* Doc. 1, ¶ 4. Specifically, plaintiff claims that the government acknowledged that a stay was in place, but announced its intention to continue with solicitation activities. Plaintiff cites to a report that the government issued on February 9, 2015, admitting that the GAO protest "triggers the stay on the contract award provided by 31 U.S.C. 3553(c)(1)," and stating that the solicitation "will continue as scheduled without regard to the protest." Doc. 1, ¶ 29; *see also* Doc. 16-1 at 7 (citing AR at 118, 129). According to the plaintiff, the government's statement "constitutes . . . [a] decision to override the mandatory CICA stay," Doc. 1, ¶ 30, but without the proper documentation and justification, *see id.* ¶¶ 35-44.

In response, the government argues that this court does not have jurisdiction because the agency has not violated CICA's stay or override provisions. The government insists that no contract has been awarded, the agency has incurred no obligations, no override has been instituted, and the agency has notified the GAO that the stay remains in place. *See* Doc. 19 at 11. As a basis for these assertions, the government submitted the Declaration of Department of State contracting officer Jimmy Lai. *See id.* at Ex. A. Plaintiff has offered no additional evidence to counter Mr. Lai's declaration.

Plaintiff's argument conflates the concepts of violating the CICA stay and instituting an override. Its position is predicated on its contention that the government violated the stay by continuing with the solicitation process after plaintiff filed its GAO protests. Plaintiff claims that violating the stay essentially amounts to a *de facto* override. *See* Doc. 16-1 at 9. The court is not entirely convinced of this logic, but because plaintiff has failed to allege sufficient facts to support its claim that the government violated the stay, the court need not decide whether a violation of the stay necessarily amounts to an override.

CICA states that "a contract may not be awarded" while a GAO protest is pending. 31 U.S.C. § 3553(c)(1). Therefore, to support this court's jurisdiction, even under its own theory, plaintiff must allege that a contract has been awarded. In

[3] The court notes that although this case is pre-award, the plaintiff repeatedly cites to 31 U.S.C. § 3553(d) in the complaint, a subsection of the statute that applies to post-award contract performance. Because both parties have made their arguments under § 3553(c), and because plaintiff alleged this court's jurisdiction under § 3553(c), the court will treat its references to § 3553(d) as a typographical error, and address the merits of the argument.

order for a contract to be deemed awarded, the contracting officer must have signed and mailed the award letter. *See Stebel v. United States*, 108 Ct. Cl. 35, 44 (1947). And a binding contract does not exist until the letter is delivered. *See Rhode Island Tool Co. v. United States*, 130 Ct Cl. 698, 703 (1955). Plaintiff does not allege either that the government has issued an award letter here, or that one has been delivered to any of the bidders. Instead, it advocates for a very broad reading of the award prohibition, and claims the agency should be required to "declin[e] to take further action which will moot GAO's ability to render recommendations." *See* Doc. 16-1 at 12. Under this reasoning, plaintiff claims, the agency's continued solicitation activities should be considered a violation of the stay.

In its briefs, though not in the complaint, plaintiff repeatedly expresses its belief that the agency intends to award the contract before GAO issues its decision. *See e.g.*, Doc. 16-1 at 9 ("OBO's decision to rank offerors, select an awardee, and move to dismiss Caddell's GAO Protests as academic based on OBO's intent to award constitutes a *de facto* override decision."); *id.* at 9 n.5 ("What Caddell objects to, and what violates CICA, is OBO's intention to use its selection of an offeror as the intended awardee to convince GAO to dismiss the protests as academic."); *id.* at 13 ("OBO intends to use its selection of an apparently successful offferor [sic] to argue that GAO lacks the ability to recommend relief.); *id.* at 13 ("OBO does not intend to 'wait[] for the decision of the Comptroller General.'"); *id.* at 13 ("OBO intends to use its award decision to ***avoid*** a decision of the Comptroller General.") (emphasis in original); *id.* at 13 ("Because OBO intends to take action to moot the GAO Protests and disturb the status quo, OBO effectively overrides the automatic CICA stay.").

Perhaps an intention to award the contract would be sufficient to establish jurisdiction under some set of circumstances, but plaintiff has not alleged any facts to support its allegation of the government's intent beyond the agency's statement that the solicitation would continue. Relying solely on this statement is problematic, because plaintiff has not demonstrated that continuing solicitation activities is the same as issuing an award letter. The court views these as distinct steps in the contracting process, and § 3553(c)(1) is unambiguous in prohibiting only the final step of awarding a contract. Furthermore, reliance on this statement is made all the more awkward for plaintiff's position, since plaintiff has conceded that it "does not necessarily object to OBO's continued review of offerors' qualifications." Doc. 16-1 at 9 n.5. Particularly considering this comment, plaintiff has failed to articulate exactly what conduct it believes is a violation of the stay.

When pressed at oral argument to identify the specific conduct to which plaintiff objects, plaintiff's counsel stated that the contracting officer notified the GAO that its source selection process was complete on March 12, 2015, more than one month after plaintiff filed the complaints at issue. *See* Oral Argument Recording at 2:01PM, 2:07-2:08PM, 2:42PM, 2:46PM. She admitted, however, that this notification is not part of the record. *See id.* at 2:07PM. The government's counsel denied any knowledge of the notification, *see id.* at 2:21PM, and notes that nothing in the record before the court shows that an awardee has been selected, *see id.* at 2:44PM. Because it is neither part of the record nor has it been filed with the court, regardless of its content, this alleged notification cannot be considered as evidence in this case.

Plaintiff's theory that this court has jurisdiction because the government has instituted a *de facto* override is predicated on its allegation that the government violated the CICA stay. The court finds that the continued evaluation of proposals, the only violative conduct alleged by plaintiff, is not the same as awarding a contract, the only conduct that is specifically prohibited by the CICA stay provision. As such, plaintiff has failed to establish that this court has subject matter jurisdiction.

## III. CONCLUSION

For the foregoing reasons, the government's motions to dismiss are **GRANTED**, and plaintiff's motions for judgment on the administrative record are **DENIED**.

**SO ORDERED.**

s/James F. Merow
James F. Merow
Senior Judge